## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  **CHAPTER 7 CASE**

Carrie Anne Johnson
Brendon J. Johnson,

**CASE NO. 05-61890 – DDO**

Debtors.

## EMC MORTGAGE CORPORATION'S RESPONSE
## TO DEBTORS' MOTION FOR RULE TO SHOW CAUSE

### ARGUMENT

The present motion by Debtors Carrie Johnson and Brendon Johnson ("**Debtors**") appears to be based upon Debtors' misunderstanding of the Bankruptcy Code, or it is an attempt by Debtors to use the Bankruptcy Code in conjunction with the FDCPA[1] as a sword, rather than as a shield as intended by Congress.  Either way, EMC Mortgage Corporation ("**EMC**") has acted properly in all respects with its post-discharge efforts to enforce its valid and enforceable mortgage lien ("**Mortgage**") against real property located at 1711 19th Street South, Moorhead, Minnesota 56560 ("**Property**").  The letters attached to Debtors' motion confirm EMC's proper conduct.  There is no factual or legal basis whatsoever for Debtors' allegations of inappropriate acts by EMC.  Debtors' unsupportable motion for injunctive relief and for a contempt order must be denied as a matter of law.

Each of EMC's letters that were attached to Debtors' motion accurately explain and acknowledge that after a Chapter 7 discharge, EMC is solely seeking to enforce its

---

[1] Federal Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §1692 *et seq*.

Mortgage, not collect a discharged debt.  For instance, Exhibit C to the Debtors' motion has the following paragraph:

> If your obligation for this account was previously discharged in a Chapter 7 bankruptcy proceeding, and if the obligation was not reaffirmed, this letter is being sent only to show that EMC may still exercise its legal rights to protect its interest in the Security Instrument.  EMC is not attempting to collect, recover, or offset the discharged debt as your personal liability.

The language from Exhibit C, and in each of EMC's letters to Debtors, is based upon 11 U.S.C. §524(a)(2), which does indeed operate as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any debt as a personal liability of the debtor.  11 U.S.C. § 524(a)(2).  However, secured creditors are entitled to rely on a precept that has been a fundament of American bankruptcy law for over a century: properly-perfected liens against a debtor's assets survive a bankruptcy filing and remain fully enforceable after a grant of discharge, absent consensual satisfaction or avoidance via a remedy expressly created in bankruptcy or nonbankruptcy law.  *Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, (8th Cir. 1996); s*ee, e.g., Dewsnup v. Timm*, 502 U.S. 410, 416-420, 112 S.Ct. 773, 777-79, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank*, 501 U.S. 78, 83-85, 111 S.Ct. 2150, 2153-54, 115 L.Ed.2d 66 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 296-298, 111 S.Ct. 1825, 1828-29, 114 L.Ed.2d 337 (1991); *Long v. Bullard*, 117 U.S. 617, 620 -621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886).  There is no evidence in the record of a consensual satisfaction of EMC's Mortgage or any other basis for Debtors to argue for the avoidance of EMC's first Mortgage against the Property.

Based upon EMC's valid and enforceable Mortgage against the Property, EMC is entitled to proceed with an *in rem* foreclosure against the Property, and communicate its intentions with Debtors. EMC's regular business practice of communicating with Debtors is calculated to reduce the costs of enforcement and hopefully avoid a foreclosure proceeding altogether.

The recently added provision in §524(j) of the Bankruptcy Code in fact codifies the existing law and practice in part by allowing secured creditors to "retain their security interest in real property that is the principal residence of the debtor" and undertake acts geared toward "obtaining periodic payments associated with a valid security interest in lieu of pursuit of *in rem* relief to enforce the lien." This new section of the Bankruptcy Code confirms that such acts are not in violation of the §524(a)(2) injunction against acts by a creditor.

Debtors' Statement of Intention in their bankruptcy schedules acknowledged they intended to surrender the Property at the time of filing, which suggests that Debtors are now attempting to delay the inevitable. They do not likely believe they have somehow gained a substantial windfall by tricking EMC into losing its valid mortgage interest against the Property, and now get to keep the Property, free and clear of EMC's Mortgage, without ever paying off the Mortgage or paying for their purchase of the Property.

The motion documents filed by Debtors provide the Court with no authority for their contention that EMC's Mortgage is unenforceable against the Property, based upon their FDCPA communications with EMC in 2005. In fact, nothing in the FDCPA can affect the validity of a mortgage interest against real property, or even interfere with any

3

future foreclosure proceeding against Debtors or the Property. Section 816 of the FDCPA expressly provides that "[t]his title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices . . . ." The FDCPA is simply irrelevant to the validity or enforceability of the Mortgage, or any efforts by EMC to foreclose the Mortgage against the Property.

## CONCLUSION

Debtors' motion for an order to show cause must be denied in its entirety.

WILFORD & GESKE, P.A.

Dated: August 16, 2006         By:     /e/ Eric D. Cook
                                    Eric D. Cook, #218807
                                    Attorneys for EMC Mortgage
                                    Corporation
                                    7650 Currell Boulevard, Suite 300
                                    Woodbury, Minnesota 55125
                                    (651) 209-3300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                  Bky Case No. 05-61890 - DDO

Carrie Anne Johnson

Brendon J. Johnson,

      Debtor.

## UNSWORN CERTIFICATE OF SERVICE

      Connie Adams-Boemer, of the City of South Saint Paul, County of Dakota, being duly sworn says that on the 16th day of August, 2006, she served the following individuals with EMC Mortgage Corporation's Response to Debtors' Motion for Rule to Show Cause by enclosing a true and correct copy of said document in an envelope, postage prepaid and by depositing the same in the post office at Woodbury, Minnesota, directed to said individuals:

Brendon J. Johnson
Carrie A. Johnson
1711 19th Street S.
Moorhead, Minnesota 56560

Habbo Fokkena
US Trustee
1015 US Courthouse
300 South 4th Street
Minneapolis, Minnesota 55415

                                                                           Connie Adams-Boemer